IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DARIUS PENNINGTON,<br><br>Defendant. | CRIMINAL ACTION NO.<br>1:19-cr-00455-WMR-RDC-1 |

## ORDER

Before the Court is the Magistrate Judge's report and recommendation ("R&R"), which recommends that the Court deny Defendant Darius Pennington's motion to suppress his statements. [Doc. 138.] Mr. Pennington objects to the R&R. [Doc. 141.] After careful consideration of the R&R, the objections, the applicable law, and the relevant parts of the record, and for the reasons discussed herein, the Court denies Mr. Pennington's motion to suppress.

I.  **Standard of Review**

In reviewing the R&R, this Court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). After review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

magistrate judge." *Id.* Here, Mr. Pennington filed objections to certain parts of the R&R [Doc. 141], so the Court reviews those parts *de novo*.

**II.    Background**

Mr. Pennington has been charged with possessing a firearm as a prohibited person, aiding and abetting others by possessing with intent to distribute certain drugs, and possession of a firearm in furtherance of a drug trafficking offense. [Doc. 138 at 2.]  These charges arise from an investigation conducted by federal law enforcement. [*Id.*]  On October 31, 2019, law enforcement agents executed a search warrant at a home located in Marietta, Georgia, where they discovered Mr. Pennington and a companion. [*Id.*]  Task Force Officer David Noe and Special Agent Hector Cartagena escorted Mr. Pennington to the master bedroom in order to conduct an interview.[1] [*Id.* at 2–3.]  They chose to conduct the interview in the privacy of the bedroom to prevent the companion from overhearing their conversation. [*Id.* at 3.]

After escorting Mr. Pennington to the bedroom, Officer Noe recited the *Miranda* warnings. [*Id.*] Agent Cartagena, along with two agents actively searching the bedroom, were present at the time. [*Id.* at 3–4.]  Mr. Pennington stated that he

---

[1] Officer Noe testified at an evidentiary hearing in this case. [*See* Doc. 138 at 1, 3 n.1.] "Upon careful review of Officer Noe's testimony and this Court's observation of his demeanor during the evidentiary hearing," the Magistrate Judge found that Officer Noe "was a credible witness and that his recollection of the events occurring during the interview was reliable." [*Id.* at 3 n.1.]

understood his *Miranda* rights and agreed to speak without the assistance of counsel. [*Id.* at 4.] During the interview, Mr. Pennington made several incriminating statements revealing his involvement in the offenses preceding his arrest. [*Id.*] The agents never displayed their weapons or threatened Mr. Pennington during the interview, and Mr. Pennington appeared to understand the questions and answered all of them as if he wanted to be helpful. [*Id.* at 5.] Once the search was complete, Mr. Pennington was transported to the federal courthouse for processing in advance of his initial appearance. [*Id.*] As he was being processed, he had a "friendly conversation" with Officer Noe. [*Id.*]

Mr. Pennington moves to suppress the statements obtained by Officer Noe. [*Id.* at 1, 6.] In the R&R, the Magistrate Judge recommends that the Court deny the motion. [*Id.* at 17.] The Magistrate Judge first found that the environment of the interview was not coercive, as the interview was short in time and the agents did not use physical force, did not make threats or promises to influence his decision to surrender his rights, never removed their weapons from their holsters, and engaged in non-confrontational conduct. [*Id.* at 12–13.] According to the Magistrate Judge, these facts "establish that Mr. Pennington voluntarily waived his right to remain silent without coercion." [*Id.* at 13.]

Next, the Magistrate Judge rejected Mr. Pennington's argument that his waiver of his *Miranda* rights was unlawfully obtained because he purportedly

consumed marijuana just hours before the interview. [*Id.* at 14–15.] The Magistrate Judge determined that Mr. Pennington was fully advised of his *Miranda* rights, acknowledged that he understood his rights, was willing to submit to questioning, and coherently described his conduct. [*Id.* at 15.] Likewise, there was no indication that Mr. Pennington was unable to comprehend the questions or the nature of the rights he chose to forfeit. [*Id.*]

### III. Discussion

Mr. Pennington's objections to the R&R, in their entirety, state:

> Now Comes DARIUS PENNINGTON, by and through undersigned counsel, and hereby files his objection to the Magistrate Court Report and Recommendation. Mr. Pennington objects to both the conclusion his statement was voluntary and to the failure to credit several facts that would impact on his decision to speak with law enforcement.
>
> Mr. Pennington elicited facts during the evidentiary hearing showing (1) inconsistencies in the government witnesses' testimony regarding where the interrogation took place and who was present; (2) the interrogation was staged in a room with the presence of multiple police officers and the presence of visible marijuana so that would make it more likely Mr. Pennington would feel compelled to speak with law enforcement; and (3) Mr. Pennington was under the influence of marijuana during the interrogation and did not have the mental capacity to voluntarily consent. Based on the totality of the circumstances, his statements should be suppressed.

[Doc. 141 at 1–2 (citations omitted).] The Court agrees with the Magistrate Judge's reasoning and recommendation and thus overrules Mr. Pennington's objections to the contrary.

First, Mr. Pennington asserts there were "inconsistencies in the government witnesses' testimony regarding where the interrogation took place and who was present." [*Id.* at 1.] Officer Noe testified at an evidentiary hearing as to the location of the interview and who was present during the interview, and the Magistrate Judge found that Officer Noe "was a credible witness and that his recollection of the events occurring during the interview was reliable." [*See* Doc. 138 at 2–4 & n.1.] To the extent Mr. Pennington's objection challenges Officer Noe's credibility, the Court rejects that challenge. After careful review of the transcript from the evidentiary hearing, the R&R, and the record, the Court agrees with the Magistrate Judge that Officer Noe testified credibly.[2]

In any event, the Court has reviewed the purported "inconsistencies in the government witnesses' testimony regarding where the interrogation took place and who was present" [Doc. 141 at 1 (citing Doc. 134 at 8–12, 24–25)], and it finds that there were no such inconsistencies. Officer Noe ultimately clarified that the

---

[2] "[A] district court is not required to rehear witness testimony when accepting a magistrate judge's credibility findings." *United States v. Cofield*, 272 F.3d 1303, 1305 (11th Cir. 2001). The Court therefore does not conduct an additional evidentiary hearing in this case.

interview took place in the master bedroom and that he and Agent Cartagena interviewed Mr. Pennington. [*See* Doc. 134 at 24–25.]

Second, Mr. Pennington argues that "the interrogation was staged in a room with the presence of multiple police officers and the presence of visible marijuana so that would make it more likely Mr. Pennington would feel compelled to speak with law enforcement." [Doc. 141 at 1.] The Court considers the totality of the circumstances in determining whether a defendant was coerced to speak with law enforcement. *See United States v. Thompson*, 422 F.3d 1285, 1295–96 (11th Cir. 2005).

The Court agrees with the Magistrate Judge that, based on the totality of the circumstances, "Mr. Pennington voluntarily waived his right to remain silent without coercion." [Doc. 138 at 13.] Specifically, the interview was short in time and the agents did not use physical force, did not make threats or promises to influence his decision to surrender his rights, never removed their weapons from their holsters, and engaged in non-confrontational conduct. [*Id.*]

Finally, Mr. Pennington says he "was under the influence of marijuana during the interrogation and did not have the mental capacity to voluntarily consent." [Doc. 141 at 1–2.] A defendant's waiver of his *Miranda* rights must be knowing and voluntary, which is based on the totality of the circumstances. *See United States v. Barbour*, 70 F.3d 580, 585 (11th Cir. 1995).

The Court once again agrees with the Magistrate Judge that, in light of the totality of the circumstances, Mr. Pennington knowingly and voluntarily waived his *Miranda* rights and consented to the interview. [Doc. 138 at 14–15.] Mr. Pennington was fully advised of his *Miranda* rights, acknowledged that he understood his rights, was willing to submit to questioning, and coherently described his conduct. [*Id.* at 15.] In addition, there was no indication that Mr. Pennington was unable to comprehend the questions or the nature of the rights he chose to forfeit. [*Id.*]

## IV. Conclusion

After considering the R&R and reviewing it *de novo*, the Court hereby receives the R&R [Doc. 138] with approval and adopts its recommendation as the opinion and order of the Court. Accordingly, Mr. Pennington's motion to suppress [Doc. 105] is **DENIED**.

**IT IS SO ORDERED**, this 5th day of April, 2022.

_____
WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE