IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | Crim. Indictment No.: |
| V. | ) | 1:19-CR-455 WMR- RDC |
| | ) | |
| DARIUS PENNINGTON, | ) | |
| Defendant. | ) | |

**Response to Government's Second Consolidated Motion in *Limine***

Now Comes Darius Pennington, by and through undersigned counsel, and submits this response to the government's motion in *limine* (Doc.155). Previously this Court determined the government would be allowed to admit 404(b) evidence regarding three prior convictions that may be attributable to Mr. Pennington. (Doc. 74). Since that time, the Court has also ruled Mr. Pennington's admission that the marijuana found in the house belonged to him is also admissible. Doc. 142. With its current motion in *limine* the government is testing the outer limits of this court's previous ruling, by seeking admission of over 64 pages of records that go far beyond the judgment of conviction and likewise go far beyond what is allowable under 404(b). The government justifies its request by characterizing the documents as "self authenticating". True, some of the documents may be considered self-authenticating, but that does not mean they are admissible under

Rules 403 and 404(b) without a balancing test, or without considering other factors, like whether they contain statements that would violate the confrontation clause.

The government's motion should be denied for two reasons. First, this Court's ruling that Mr. Pennington's prior statement is admissible has rendered the previous convictions more prejudicial than probative because the government's case is very strong regarding the drug charges. Second, if the Court is disinclined to reconsider its earlier order, then the documents the government should be allowed to admit under 404(b) should be restricted to the judgments of conviction.

**I.     404(b) Evidence Is Admissible on a Sliding Scale Based on the Strength of the Government's Case.**

Federal Rule of Evidence 404(b) provides that evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. FRE 404(b). The application of a three-part test determines the admissibility of prior crime evidence under 404(b): 1) the evidence must be relevant to an issue other than the defendant's character; 2) there must be proof sufficient for a jury to find that the defendant committed the extrinsic act; and, 3) the evidence must possess probative value that is not outweighed by undue

prejudice, and it must otherwise meet the requirements of FRE 403. *United States v. Miller*, 959 F.2d 1535, 1538 (11th Cir. 1992).

It's the third prong of the test that applies to determine whether the evidence the government seeks to admit to prove defendant committed the extrinsic act is more probative than prejudicial. *United States v. Beechum*, 582 F.2d 898, 914 (5th Cir. 1978) ("the third prong calls for the incremental probity of the evidence . . . to be balanced against its potential for undue prejudice."). In applying this prong, the Eleventh Circuit has long been mindful that prior crime evidence has significant potential for prejudicial effect, and therefore should not be employed unless really necessary. *United States v. Jones*, 28 F.3d 1574, 79-80 (11th Cir. 1994) quoting *United States v. Baldarrama*, 566 F.2d 560, 568 (5th Cir. 1978). If the government has a strong case without the extrinsic offense, then the prejudice to the defendant will more likely outweigh the marginal probative value. *United States v. Hernandez,* 896 F.2d 513, 521 (11th Cir. 1990); *United States v. Pollock*, 926 F.2d 1044, 1049 (11th Cir. 1991) ("In other words, if the government can do without such evidence, fairness dictates that it should; but if the evidence is essential to obtain a conviction, it may come in.").

Moreover, an evaluation of the probative value of the evidence must also consider the similarity between the extrinsic and charged offenses and the time gap

between the two offenses. *United States v. Beechum*, 582 F.2d at 915; *United States v. Dorsey*, 819 F.2d 1055, 1061 (11th Cir. 1987); *United States v. Wyatt*, 762 F.2d 908, 911 (11th Cir. 1985).

> **a.  This Court's Order Admitting Mr. Pennington's Post-Arrest Statement Changes the Calculus of the FRE 403 Balancing Test and Renders Evidence of a Prior Conviction More Prejudicial Than Probative.**

After evidentiary hearings the Court determined Mr. Pennington's post arrest statement, where he admitted knowing possession of the marijuana, was admissible. As such, the government essentially possesses a confession regarding the marijuana and its case is much stronger now than it was when the Court's initial ruling on the admissibility of the 404(b) evidence was entered.

Initially, the government broadly argued, without explanation, the prior convictions were relevant to show "Knowledge, intent, motive, modus operandi, absence of mistake /accident." Doc. 25, p. 2. In later motions, the government argued the prior drug convictions are admissible because they needed to show "knowledge, intent, or absence of mistake" regarding the drug charges. Doc. 49, p. 6. However, now the government has little need to admit past convictions, some over fifteen years old, to prove knowledge, intent and absence of mistake, because they have Mr. Pennington's own admission that the marijuana was his to show "knowledge, intent, or absence of mistake". The government doesn't need 15-year

4

old convictions when they have confessions to possessing drugs in the instant case. As such, the calculus has changed on the 403 balancing test and the evidence of prior convictions should not be admissible.

### b. If the Court Is Inclined to Admit Documents Under 404(b), it Should Limit the Documents to Judgments of Conviction.

On August 24, 2022 defense counsel emailed the government and asked them to identify exactly which documents they are seeking to admit via their motion in *limine*. The government attached 5 sets of documents in response. (Exhibit A-E). Each set of documents contains a judgment of conviction along with a slew of wholly unnecessary documents, many of which contain witness statements, client statements, and identifying information that creates confrontation problems, *Jackson-Denno* problems, and 403 problems.

Because the government's case is very strong after Mr. Pennington's statement was deemed admissible, this Court should be restrictive regarding the documents the Court allows the government to show the jury. In *Calderon* the Eleventh Circuit determined it was "elementary" that a record of conviction is proof a Defendant committed a prior bad act. *United States v. Calderon*, 127 F.3d 1314, 1332 (11th Cir. 1997) citing *Untied States v. Arambula-Ruiz*, 987 F.2d at 1224. Because *Calderon* determined a judgment of conviction alone is enough to prove the prior bad act occurred, the Court should limit the government to only

admitting the judgment of convictions for the three drug convictions, rather than the 64 pages of documents it has indicated it would like to show the jury.

**Exhibit-A** contains all the records the government would seek to admit related to a prior conviction for bringing marijuana past the guard lines of a jail in violation of O.C.G.A. 42-5-15C. The records include a record of conviction (p 1-4), followed by a slew of inappropriate documents: a description of Mr. Pennington's length of Probation and where he should report (p. 5) his waiver of fourth Amendment rights (p. 6), his restriction from appearing in Chattahoochee County (p. 7), the sworn accusation by John Bausch (p. 13) and a warrant for his arrest (p. 14-16). Any record beyond the record of conviction is unnecessary, confusing, and creates more problems than they solve. For example, the government can't admit Mr. Baush's statement (p. 13) because Mr. Pennington has a right to confront witnesses against him. *Crawford v. Washington*, 541 U.S. 36 (2004).

**Exhibit-B** is 14 pages of documents related to a 2013 prior conviction for possession of marijuana and cocaine with intent to distribute. First, the document contains a record of conviction (P. 1-2). Next the document contains three pages of previous statements Mr. Pennington may have made in connection to the guilty plea. (P.3-5). Then it appears the documents contain a second indictment (p. 6-8),

the record of conviction for the second accusation (9-10) an advisement of appeal rights, (p. 11) followed by another accusation (p. 12-14). Once the records of conviction are entered, none of the other documents are necessary or relevant under 403. Again, the documents create additional problems because they contain statements attributable to Mr. Pennington that the government had not previously indicated would be used in its case. Moreover, what do these documents add that the record of conviction has not already covered? A marijuana conviction is not very probative to show knowledge where Mr. Pennington has already admitted the marijuana in the instant case belonged to him.

**Exhibit-C** contains 21 pages of records the government seeks to admit related to a 2013 conviction in Cobb County for Identity Fraud. The documents consist of a record of conviction (p. 1-3), a series of questions and answers containing statements of Mr. Pennington (p. 4-6), Names of Grand jurors (p. 8), Indictment (7-16), Statement in support of an arrest warrant of P.D. Chesney (p. 17-18) and Cobb County booking reports (19-21). Once the record of conviction is entered, the other documents are more prejudicial than probative. Again, the other documents have issues as well. For example, the lengthy statement of Officer Chesney creates confrontation clause issues pursuant to *Crawford*. The statements attributable to Mr. Pennington at p. 4-6 are problematic because the government

7

had not previously indicated it would be using this statement in its case. Had it done so, there may have been *Jackson-Denno* motions regarding the statements. Moreover, these documents, and the problems they create are wholly unnecessary once the record of judgment is admitted.

**Exhibit-D** contains documents the government seeks to admit to prove Mr. Pennington was convicted for possession of marijuana with intent to distribute in 2005. The exhibit contains an accusation (p. 1-2), identifying information of Mr. Pennington (p. 3), witness list (p. 3), and the record of conviction (p. 4-5). Once the record of conviction is entered, the other documents are more prejudicial than probative.

Moreover, this nearly 20-year-old conviction is so old that it should not be admissible under the time and proximity rule of 404(b). *United States v. Beechum*, 582 F.2d at 915; *United States v. Dorsey*, 819 F.2d 1055, 1061 (11th Cir. 1987); *United States v. Wyatt*, 762 F.2d 908, 911 (11th Cir. 1985). Mr. Pennington's admission regarding the marijuana makes the proximity argument even better. If the Court does seek to admit evidence related to the conviction, the evidence should be limited to the record of conviction. The witness list is unnecessary and irrelevant, the identifying information is irrelevant. The only arguably relevant

document is the record of conviction. Once that is admitted, the other evidence is meaningless and should be excluded under the balancing test.

**Exhibit-E** contains documents the government seeks to admit to prove Mr. Pennington was convicted in 2013 in Fulton County of possession with intent to distribute marijuana. The documents contain an accusation (p. 1-3) a witness list (p. 2), a charge report (p. 4) and the record of conviction (p. 5-8). Once the record of conviction is entered, the other documents are more prejudicial than probative.

## **Conclusion**

The Court should reconsider its prior order because the government now has a confession on the drug issue and it doesn't prior convictions to show knowledge, intent or other 404(b) reasons. If the Court does not reconsider its order, at a minimum it should limit the documents admitted to records of conviction.

This <u>25th</u> day of <u>August,</u> 2022

                              Respectfully Submitted,
                              /s/*Thomas C. Wooldridge*
                              Thomas C. Wooldridge
                              Attorney For Darius Pennington

Wooldridge and Jezek, LLP
1230 Peachtree Street NE Suite 1900
Atlanta, Georgia 30309
Tel: 404.942.3300

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | Crim. Indictment No.: |
| V. | ) | 1:19-CR-455 WMR- RDC |
| | ) | |
| DARIUS PENNINGTON, | ) | |
| Defendant. | ) | |

CERTIFICATE OF SERVICE

The above Response to the Government's Second Consolidated Motion *in Limine* has been filed with the Court electronically through its .ecf system and will automatically send notice to AUSA Rebecca Ojeda.

This 25th day of August, 2022

                          Respectfully Submitted,

                          /s/*Thomas C. Wooldridge*
                          Thomas C. Wooldridge
                          Attorney For Darius Pennington

Wooldridge and Jezek, LLP
1230 Peachtree Street NE
Suite 1900
Atlanta, Georgia 30309
Tel: 404.942.3300