IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>V. )<br>)<br>DARIUS PENNINGTON, )<br>                  Defendant. ) | Crim. Indictment No.:<br>1:19-CR-455 WMR- RDC |

## Reply to Government's Opposition to Defendant's Motion in *Limine* Regarding ACCA and § 851 Prior Conviction Notice

In its opposition to Mr. Pennington's Motion in *Limine* regarding ACCA and § 851 Prior Conviction Notice, the government explains the procedural posture and case developments that led the government to change its legal position and now argue post-*Wooden* that "occasions facts" related to prior convictions under the ACCA should be presented to the jury. After the explanation, the government's argues (1) Mr. Pennington has "waived" his right to a jury determination on the occasions-inquiry for the ACCA (Doc. 158 at 12-13), (2) contends Mr. Pennington has not filed a § 851 response (*Id.* at 15), and (3) notes that it will provide a substantive response to Mr. Pennington's argument that the alleged state convictions are for "serious drug offense" and "serious drug felonies" (*Id.* at 15 & n. 2) later. The government has no response to the constitutionality arguments.

### I. The Government punted on Relevance. They Want the Jury to Know Improper and Highly Prejudicial Facts about Prior Convictions.

Even though the government is asking to prove something to the jury (occasions facts about prior convictions), they ask the Court to defer the legal decision regarding whether the "highly prejudicial" evidence they want to admit is relevant, until sentencing, after it comes into evidence. Unfortunately, there would be no way to fix the problem by then.

This Court can and must determine before trial whether the alleged prior convictions satisfy the legal requirements of § 924(e)(2)(A)(ii) to trigger either the ACCA or penalty enhancements. If they do not meet the legal definitions, then the entire process will be doomed from the start. The government proposes the Court defer this legal determination, ignoring the substance of all the defense arguments in their response. However, *Wooden* changed the landscape. Post-Wooden, as it does in all evidentiary matters, relevance rules govern what evidence the jury hears. As such, the ACCA determination needs to be made in advance of trial sometimes. If the offenses do not qualify under the categorical approach, the enhancement doesn't apply and the "highly prejudicial" facts related to prior convictions are simply not relevant.

Moreover even if it were legally permissible to defer the ruling, it is hard to understand why the government would want, or why this Court would agree, to go

through the complicated decisions about (a) instructing the jury to consider evidence of different aspects of the same convictions differently as to three different factual findings, (b) instructing the jury to put out of its mind any part of that evidence not relevant to the discrete factual finding to which it is legally relevant, (c) bifurcating the trial, (d) requiring complicated and untested special verdicts, or whatever other mysteries are forthcoming; all this when the convictions do not, as a matter of law, qualify. And they do not. *See United States v. Jackson*, 36 F.4th 1294, 1297 (11th Cir. 2022) (Florida cocaine); *United States v. Latson*, 2022 WL 3356390 (11th Cir. Aug. 15, 2022) (Florida marijuana); *accord United States v. Perez*, __F.4th__, 2022 WL 3453566 (8th Cir. 2022) (Iowa cocaine); *United States v. Hope*, 28 F.4th 487 (4th Cir. 2022) (South Carolina marijuana). A simple and true ruling that these convictions don't qualify under ACCA and §841 would solve the entirety of the problem.

**II.     The Remaining Government Arguments Are More Valuable For What's Not In Them- any Reason why the ACCA Remains Constitutional.**

First, Mr. Pennington has not yet waived a right to a jury determination of any fact that would increase the statutory maximum or minimum penalty. The government contends Mr. Pennington waived his right to have a jury determine occasions facts at trial based on representations contained at page 3-6 of his

motion. Doc. 158, p. 12. In that particular section counsel points out *United States v. Dudley* controls the outcome of this issue and explains the defense agrees these facts are appropriate for a jury to decide. Nothing in those paragraphs indicate any sort of waiver has occurred.

Second, his motion in *limine* regarding the § 851 prior conviction notice was his written § 851 response. To the extent 21 U.S.C. § 851(b) requires a defendant to affirm or deny that he has previously been convicted as alleged in the information, or that § 851(d) provides that any failure to deny waives his right to contest the information, Mr. Pennington asserts this requirement violates his Fifth Amendment privilege against compelled self-incrimination. *Mitchell v. United States*, 526 U.S. 314 (1999). If required, counsel hereby enters a general denial to place the full burden on the government to prove beyond a reasonable doubt every fact necessary to subject Mr. Pennington to increased punishment.

### **Conclusion**

The government made no effort to defend the constitutionality of the Armed Career Criminal Act, a statute that was designed in a way which violates *Apprendi*. Doc. 152, p. 16-25. However, the Court need not make a constitutional ruling on this matter because the government also made no effort to persuade the Court that any prior convictions are considered "serious drug offenses" under the ACCA.

Because the convictions are not considered "serious drug offenses" under the categorical approach the Court could simply exclude the evidence as irrelevant and only let in what is absolutely necessary in the 404(b) context. After which this case would be a normal trial, within little concerns over bifurcation, special jury verdicts or complicated instructions to the jury.

    This 28th day of August, 2022.

                              Respectfully Submitted,
                              /s/*Thomas C. Wooldridge*
                              Thomas C. Wooldridge
                              Attorney For Darius Pennington

Wooldridge and Jezek, LLP
1230 Peachtree Street NE Suite 1900
Atlanta, Georgia 30309
Tel: 404.942.3300

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | Crim. Indictment No.: |
| V. | ) | 1:19-CR-455 WMR- RDC |
| | ) | |
| DARIUS PENNINGTON, | ) | |
| Defendant. | ) | |

CERTIFICATE OF SERVICE

The above Motion *in Limine* has been filed with the Court electronically through its .ecf system and will automatically send notice to AUSA Rebecca Ojeda.

This 28th day of August, 2022

                      Respectfully Submitted,

                      /s/*Thomas C. Wooldridge*
                      Thomas C. Wooldridge
                      Attorney For Darius Pennington

Wooldridge and Jezek, LLP
1230 Peachtree Street NE
Suite 1900
Atlanta, Georgia 30309
Tel: 404.942.3300